T.C. Summary Opinion 2009-68

UNITED STATES TAX COURT

LES HICKS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7577-08S.                   Filed May 7, 2009.

Les Hicks, pro se.

<u>James E. Archie</u>, for respondent.

LARO, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and
this opinion shall not be treated as precedent for any other
case.

---

[1]Unless otherwise indicated, section references are to the
applicable versions of the Internal Revenue Code, and Rule
references are to the Tax Court Rules of Practice and Procedure.

Petitioner petitioned the Court to redetermine respondent's determination of a $14,534 deficiency in petitioner's 2005 Federal income tax and a $2,907 accuracy-related penalty under section 6662(a) and (b)(2) for a substantial understatement of income tax. We first decide whether petitioner's gross income includes his distributive share of the income of Personal Home Healthcare Agency, L.L.C., d.b.a. Crown Health Services (PHHA). We hold it does. We decide second whether petitioner is liable for the accuracy-related penalty. We hold he is.

Background

## I. Preliminaries

The parties submitted this case to the Court fully stipulated pursuant to Rule 122. The stipulated facts and accompanying exhibits are incorporated herein by this reference. Petitioner resided in Texas when his petition was filed.

## II. PHHA

PHHA is a Texas limited liability company. PHHA reports its operations for Federal income tax purposes as if it were a partnership and on the basis of a calendar year. Petitioner owned a 10-percent interest in PHHA. An unrelated individual owned the remaining 90-percent interest.

PHHA issued petitioner a Schedule K-1, Partner's Share of Income, Deductions, Credits, etc., for 2005. The Schedule K-1 reported that petitioner's share of PHHA's ordinary business income for 2005 was $54,819. Petitioner did not receive any actual distributions from PHHA during 2005.

III. 2005 Tax Return

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for 2005 using the filing status of "Single". Petitioner did not report on that return, or otherwise include in his gross income for 2005, any of the $54,819 PHHA reported to him.

IV. Respondent's Determination

Respondent determined in the notice of deficiency that petitioner's gross income for 2005 included the $54,819 and increased petitioner's gross income accordingly. That increase also caused a $7,061 computational increase to petitioner's gross income with respect to Social Security benefits that he received. Respondent also determined in the notice of deficiency that petitioner was liable for an accuracy-related penalty for a substantial understatement of income tax.

## Discussion

I. Income Tax Deficiency

A. Burden of Proof

Taxpayers generally bear the burden of proving that the Commissioner's determinations set forth in a notice of deficiency are incorrect. See Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). In certain cases, however, section 7491(a) shifts the burden of proof to the Commissioner. We need not decide which party in this case bears the burden of proof as to the income tax deficiency because we decide that issue without regard to burden of proof.

B.  Distributive Share of PHHA Income

Petitioner argues that the $54,819 is not taxable to him in 2005 because he did not receive any actual distributions from PHHA during that year.  We disagree with petitioner's argument that the $54,819 is not taxable to him in 2005.  A partner such as petitioner must take into account his distributive share of each item of partnership income even if no partnership income is actually distributed to him during the year to which the distributive share relates.  See sec. 702(a); United States v. Basye, 410 U.S. 441, 454 (1973); Vecchio v. Commissioner, 103 T.C. 170, 185 (1994); sec. 1.702-1(a), Income Tax Regs. We sustain respondent's determination as to the income tax deficiency.

II.  Accuracy-Related Penalty

Respondent determined that petitioner is liable for an accuracy-related penalty under section 6662(a) and (b)(2) for a substantial understatement of income tax.  Section 6662(a) and (b)(2) imposes a 20-percent accuracy-related penalty for any portion of an underpayment that is attributable to a substantial understatement of income tax.  An understatement is the excess of the amount of tax required to be shown on the return for the taxable year over the amount of tax imposed that is shown on the return, reduced by any rebate.  See sec. 6662(d)(2)(A).  An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return for the

taxable year or, in the case of an individual, $5,000. See sec. 6662(d)(1)(A).

The Commissioner bears a burden of production with respect to the applicability of an accuracy-related penalty. See sec. 7491(c). That burden requires that the Commissioner produce sufficient evidence that it is appropriate to impose an accuracy-related penalty. Once he has met his burden, the burden of proof is upon the taxpayer to prove that the accuracy-related penalty does not apply because of reasonable cause, substantial authority, or the like. See secs. 6662(d)(2)(B), 6664(c)(1); Higbee v. Commissioner, 116 T.C. 438, 449 (2001).

We discern from the record that petitioner's understatement exceeds the greater of $5,000 or 10 percent of the amount required to be shown on the return. Thus, we conclude that respondent has met his burden of production. Petitioner makes neither an argument nor an assertion that he is not liable for the accuracy-related penalty. We also do not find any facts that would lead us to conclude that petitioner is not so liable. We sustain respondent's determination as to the accuracy-related penalty.

III. Conclusion

We have considered all of petitioner's contentions and allegations, and we conclude that those contentions and allegations not discussed herein are without merit or irrelevant.

To reflect the foregoing,

<u>Decision will be entered</u>
<u>for respondent</u>.